[Civ. No. 16143.   First Dist., Div. Two.   Jan. 27, 1955.]

LOUISE NORTHON, Appellant, v. JOHN R. SCHULTZ et al., Respondents.

Belli, Ashe & Pinney, Melvin M. Belli, Clifford Nelle and Harriet Ross for Appellant.

Alexander, Bacon & Mundhenk and Herbert Chamberlain for Respondents.

DOOLING, J.—Appellant was seriously injured when she was knocked down by a dog belonging to respondents while a visitor in their home. She appeals from a judgment of nonsuit.

Appellant, who is the sister of respondent John R. Schultz, had gone to visit in his home on January 1, 1951. On January 2 she was coming out of the bedroom to go to the bathroom. Respondent Mrs. Schultz opened the door leading to the basement and the dog, which had been in the basement, dashed into the living quarters and ran into the back of appellant's legs throwing her violently to the floor. Appellant was unaware of the presence of the dog until it ran against her. The dog was a cocker spaniel about 8 months old.

The keeper of a dog who has knowledge that it possesses traits which may make it a source of danger to other persons is subject to an absolute liability to another who is injured by the dog as a result of such traits. (*Hicks* v. *Sullivan*, 122 Cal.App. 635, 638 [10 P.2d 516] ; Rest. Torts, § 509.)

Respondents raise the objection that the complaint proceeds on the theory of negligence and not of absolute liability. The complaint is framed in the language of negligence but we are satisfied that its allegations are sufficient to state a cause of action on the theory of absolute liability. The elements needed to be pleaded and proved are knowledge of a trait in a dog dangerous to the safety of others and injury to another as a result of such trait. The complaint alleges that for a long time prior to January 2, 1951 "defendants and each of them knowingly and intentionally did carelessly and negligently cause and allow said dog . . . on occasion, to jump upon the persons of various guests and invitees . . ." If respondents did this they had knowledge of the habit of their dog of jumping upon others.

The proof of scienter came entirely from the testimony of respondent Mrs. Schultz. On an appeal from a nonsuit this testimony must be construed most favorably for plaintiff. Mrs. Schultz at the trial tried to minimize the habit of their dog of jumping upon persons, as a harmless playfulness. However portions of her deposition taken before the trial

might well have been given another construction by the jury. She testified in part: "If there was no one around there . . . he was all right, but when he entered the house or came upstairs there if anybody was around, he was a very high spirited animal. . . . He would run and jump on people. . . . He would jump on people when they would come in, if he was upstairs . . . we didn't like him jumping on people. . . ."

Appellant testified that after her injury her sister-in-law said that was why they kept him in the basement and Mrs. Schultz testified: "We keep him in the basement as much as possible."

Mrs. Schultz testified as to the manner of injury: "the dog bounded up the stairs and came through the door and went around through the dining room and hit her as she came out of the bedroom, behind . . . From behind, on the back of her legs. . . ."

We are satisfied that the evidence was sufficient to go to the jury. An excitable dog in the habit of jumping on people, which is kept in the basement as much as possible for that reason, dashed against the legs of appellant at the first opportunity. From these facts if the jury concluded that the defendants were liable we cannot say that the evidence would not reasonably support that conclusion.

Respondents rely strongly on *Hagen* v. *Laursen,* 121 Cal. App.2d 379 [263 P.2d 489]. The case is distinguishable. There two dogs were playing on the lawn in full sight of the plaintiff and one of them in his play with the other struck against her. Here the dog, which was known to have the habit of jumping on people, and which was not playing with another dog, dashed against plaintiff from behind without her knowledge of his presence.

Respondents' argument that as a social guest appellant was a mere licensee cannot avail them. Since the decision of *Oettinger* v. *Stewart,* 24 Cal.2d 133, 138 [148 P.2d 19, 156 A.L.R. 1221] it is settled that a landowner owes to a licensee the duty of not injuring him by "active conduct."

Judgment reversed.

Nourse, P. J., and Kaufman, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied March 22, 1955.